UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
_____
                              :
ABDIEL F. AVILA,              :
                              :
        Petitioner,           :   Civ. No. 18-9422 (NLH)
                              :
    v.                        :   MEMORANDUM OPINION & ORDER
                              :
                              :
BRUCE DAVIS,                  :
                              :
        Respondent.           :
_____:
```

APPEARANCE:

Abdiel F. Avila
788891C
New Jersey State Prison
PO Box 861
Trenton, NJ 08625

      Petitioner Pro se

Jill S. Mayer, Acting Camden County Prosecutor
Jason Magid, Assistant Prosecutor
Office of the County Prosecutor
200 Federal Street
Camden, NJ 08103

      Attorneys for Respondent

HILLMAN, District Judge

      WHEREAS, Petitioner Abdiel Avila filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his Camden County conviction for first-degree aggravated sexual assault, see ECF No. 1; and

WHEREAS, Respondent filed a motion to seal the habeas proceedings under Local Civil and Criminal Rule 5.3, see ECF No. 24; and

WHEREAS, Respondent asserts "the nature of the materials Respondents proposes to seal include state court records of the prosecution of sex crimes involving a minor victim." Id. at 8; and

WHEREAS, "[l]ess restrictive alternatives to sealing the entire habeas record are not available because the record contains references to the victim by name, the victim's relationship to petitioner, and the victim's family relationships, any of which would reveal the victim's identity should it be exposed." Id. at 9; and

WHEREAS, Respondent also asserts the record of Petitioner's criminal proceedings was impounded by the state courts, and "[f]ailure to seal this habeas record would risk violating New Jersey law." Id. (citing N.J.S.A. § 2A:82-46(b)); and

WHEREAS, "[i]t is well-settled that there exists, in both criminal and civil cases, a common law public right of access to judicial proceedings and records. The public's right of access extends beyond simply the ability to attend open court proceedings. Rather, it envisions a pervasive common law right to inspect and copy public records and documents, including judicial records and documents." In re Cendant Corp., 260 F.3d

2

183, 192 (3d Cir. 2001) (internal citations and quotation marks omitted); and

WHEREAS, a party seeking to seal portions of the judicial record from public view bears party "bears the heavy burden of showing that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." Millhouse v. Ebbert, 674 F. App'x 127, 128 (3d Cir. 2017) (per curiam) (internal quotation marks and citations omitted).  This is especially true when a party seeks to seal the entire case from public view; and

WHEREAS, "safeguarding the physical and psychological well-being of a minor . . . is a compelling [interest]." Globe Newspaper Co. v. Superior Court for Norfolk Cty., 457 U.S. 596, 607 (1982); and

WHEREAS, the New Jersey legislature has recognized a public interest in assisting the prosecution of crime by protecting victims' privacy rights.  N.J.S.A. § 52:4B-35 (Crime Victims' Bill of Rights).  Unauthorized disclosure of the identify of minor victims of sex crimes is prohibited.  N.J.S.A. § 2A:82-46(a), (b); and

WHEREAS, the state court record of Petitioner's underlying criminal case was impounded; and

WHEREAS, the disclosure of the identity of the minor victim in this habeas proceeding would likely cause further emotional trauma to the victim. The entire state court record was sealed under New Jersey law, and the Court finds that sealing the entire habeas record is warranted at this time, subject to future review by the Court upon notice to the parties when rulings are issued by the Court, such present sealing justified to protect the victim's privacy interests and to avoid the risk of unintentionally revealing the victim's identity through descriptive information other than the victim's name,

THEREFORE, IT IS on this ___18th___ day of September, 2020

ORDERED that Respondent's motion to seal, ECF No. 24, is granted; and it is further

ORDERED that the Clerk shall maintain the entire record under seal; and it is finally

ORDERED that the Clerk shall send Petitioner a copy of this Order by regular mail.


                                    s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.

4