```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
```

_____
                              :
ABDIEL F. AVILA,              :
                              :
        Petitioner,           :   Civ. No. 18-9422 (NLH)
                              :
    v.                        :
                              :
ATTORNEY GENERAL OF THE       :   OPINION
STATE OF NEW JERSEY, et al.,  :
                              :
        Respondents.          :
_____:

APPEARANCES:

Abdiel F. Avila
788891C
New Jersey State Prison
PO Box 861
Trenton, NJ 08625

        Petitioner pro se

Jason Magid
Linda A. Shashoua
Camden County Prosecutor's Office
25 North Fifth Street
Camden, NJ 08102

        Respondents

HILLMAN, District Judge

   I.   INTRODUCTION

    Petitioner, Abdiel F. Avila ("Petitioner" or "Avila"), is a state prisoner currently incarcerated at the New Jersey State Prison in Trenton, New Jersey. He is proceeding pro se with an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. See ECF Nos. 10 & 11. Presently pending before this

Court is Respondents' motion to dismiss the amended habeas petition due to untimeliness. See ECF No. 23. Additionally, Petitioner has filed several miscellaneous motions described infra. See ECF Nos. 18, 28, 31, 32 37, 38 and 40. For the following reasons, Respondents' motion to dismiss will be denied. Additionally, except for Petitioner's motion to unseal, which will require a response from Respondents, all of Petitioner's other outstanding miscellaneous motions will be denied.

II.   FACTUAL AND PROCEDURAL BACKGROUND

A state court jury found Petitioner guilty of two counts of aggravated sexual assault and two counts of endangering the welfare of a child. See ECF No. 23-5. Petitioner received an aggregate sentence on August 18, 2009 of ninety-five years imprisonment with an eighty-five percent parole ineligibility period. See ECF No. 23-7.

On April 18, 2011, the New Jersey Superior Court, Appellate Division affirmed the judgment of conviction in a written opinion. See ECF No. 23-9. The New Jersey Supreme Court denied certification of Petitioner's direct appeal on October 13, 2011. See ECF No. 23-11.

In November, 2011, Petitioner filed a post-conviction relief ("PCR") petition. See ECF Nos. 23-12. He then subsequently filed an amended PCR petition. See ECF No. 23-13.

2

On October 15, 2014, the New Jersey Superior Court denied Petitioner's request for PCR relief. See ECF No. 23-14. Petitioner then filed a motion for reconsideration on October 23, 2014. See ECF No. 23-15. The New Jersey Superior Court denied Petitioner's motion for reconsideration on February 10, 2015. See ECF No. 23-16. Petitioner appealed. See ECF Nos. 23-17 & 18. On November 17, 2016, the New Jersey Appellate Division affirmed the denial of Petitioner's PCR petition. See ECF No. 23-22. On March 7, 2017, the New Jersey Supreme Court denied certification. See ECF No. 23-25.

Pursuant to the prisoner mailbox rule, Petitioner filed his initial federal habeas petition in this Court on June 12, 2017. See ECF No. 1; ECF No. 1-1; see also Houston v. Lack, 487 U.S. 266, 270-71 (1988); Maples v. Warren, No. 12-0993, 2012 WL 1344828, at *1 n.2 (D.N.J. Apr. 16, 2012) ("Often times, when the court is unable to determine the exact date that a petitioner handed his petition to prison officials for mailing, it will look to the signed and dated certification of the petition."). Thereafter, on August 1, 2018, Petitioner filed an amended habeas petition. See ECF No. 4 at 43.

On April 6, 2020, this Court administratively terminated this matter as Petitioner did not specify all grounds for relief. See ECF No. 7. Petitioner was given additional time though in which to file his amended habeas petition. See ECF

3

No. 9.  In June, 2020, this Court received Petitioner's amended habeas petition.  See ECF Nos. 10 & 11.

In September, 2020, Respondents filed a motion to dismiss the June 2020 amended habeas petition as untimely.  See ECF No. 23.  Additionally, both before and after Respondents filed their motion to dismiss, Petitioner filed numerous miscellaneous motions described infra.

III. DISCUSSION

A. Respondents' Motion to Dismiss Due to Untimeliness

"A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  That limitations period begins to run when the criminal judgment becomes "final."[1]  A state court criminal

---

[1] The statute states in full that the limitation period shall run from the latest of -

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and

4

judgment becomes "final" within the meaning of § 2244(d)(1) at the conclusion of direct review or at the expiration of time for seeking such review.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); see also 28 U.S.C. § 2244(d)(1)(A) (the 1-year period begins on 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review').  When a defendant does not file a petition for certiorari with the United States Supreme Court, the one-year limitations period starts to run when the ninety-day period for seeking certiorari expires.  See Gonzalez v. Thaler, 565 U.S. 136, 149 (2012); Clay v. United States, 537 U.S. 522, 532 (2003); Morris, 187 F.3d at 337 n.1 (holding that the period of direct review "include[s] the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court"); U.S. Sup. Ct. R. 13 (90-day deadline to petition for certiorari).

---

        made retroactively applicable to cases on collateral review; or
        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence ....

28 U.S.C. § 2244(d)(1). There is no indication that any subsection other than (A) is applicable in this case.

5

The New Jersey Supreme Court denied certification on Petitioner's direct appeal on October 13, 2011. Thus, Petitioner's judgment of conviction became final ninety days after that date, or on January 11, 2012. Accordingly, unless statutory or equitable tolling applies, Petitioner would have had to file his federal habeas petition on or before January 11, 2013.

The filing of a PCR petition may statutorily toll (i.e., suspend) the running of the one-year habeas limitations period. See 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). A prisoner's application for state collateral review is "'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings[.]" Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 85 (3d Cir. 2013) (quoting Artuz v. Bennett, 531 U.S. 4, 8 (2000)).

Petitioner filed his PCR petition in November 2011, or prior to when his statute of limitations began to run to file his federal habeas petition as it was filed within ninety days of the New Jersey Supreme Court denying certification on Petitioner's direct appeal. It remained "pending" until March

6

7, 2017, when the New Jersey Supreme Court denied certification on Petitioner's PCR petition. Thus, Petitioner's statute of limitations to file this federal habeas petition was tolled until March 7, 2017. Accordingly, Petitioner therefore had until March 7, 2018 to file his federal habeas petition.

Respondents argue in their motion to dismiss that this action is untimely because Petitioner did not file his amended habeas petition until June 2020. However, Respondents' argument fails to consider that Petitioner actually filed his original federal habeas petition in June 2017, or well before the statute of limitations would have expired in March 2018.

It is worth noting that Petitioner's filing of his original federal habeas petition does not toll the applicable one-year statute of limitations. See Duncan v. Walker, 533 U.S. 167, 172 (2001). However, Respondents' motion fails to address the "relation back" doctrine. As noted by the United States Court of Appeals for the Third Circuit:

> Pursuant to Rule 15(c), an amendment that is otherwise untimely "relates back to the date of the original pleading when ... the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). The Supreme Court has cautioned that courts should not interpret "conduct, transaction, or occurrence" in such a broad manner so as to construe essentially all amendments as permissible under the relation-back doctrine. See Mayle

7

v. Felix, 545 U.S. 644, 656-57, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005). For example, in the habeas context, the Supreme Court has refused to interpret "conduct, transaction, or occurrence" as broadly encompassing a "habeas petitioner's trial, conviction, or sentence," reasoning that "[u]nder that comprehensive definition, virtually any new claim introduced in an amended petition will relate back, for federal habeas claims, by their very nature, challenge the constitutionality of a conviction or sentence, and commonly attack proceedings anterior thereto." Id. Instead, it has counseled that an amendment relates back to a habeas petition under Rule 15(c) "[s]o long as the original and amended petitions state claims that are tied to a *common core of operative facts*." Id. at 664, 125 S. Ct. 2562 (emphasis added).

In "search[ing] for a common core of operative facts in the two pleadings," Bensel v. Allied Pilots Ass'n, 387 F.3d 298, 310 (3d Cir. 2004), courts should remain aware that "the touchstone for relation back is fair notice, because Rule 15(c) is premised on the theory that 'a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide,'" Glover v. FDIC, 698 F.3d 139, 146 (3d Cir. 2012). "Thus, only where the opposing party is given 'fair notice of the general fact situation and the legal theory upon which the amending party proceeds' will relation back be allowed." Glover, 698 F.3d at 146 (quoting Bensel, 387 F.3d at 310). For example, we have held that "amendments that restate the original claim with greater particularity or amplify the factual circumstances surrounding the pertinent conduct, transaction[,] or occurrence in the preceding pleading fall within Rule 15(c)" because the opposing party will have had sufficient notice of the circumstances surrounding the allegations

8

>           contained in the amendment.  Bensel, 387
>           F.3d at 310.

United States v. Santarelli, 929 F.3d 95, 101 (3d Cir. 2019).

Respondents' motion fails to consider this "relation back" principle; namely that Petitioner's June 2020 amended habeas petition relates back to his original June 2017 habeas petition. Thus, this Court could presumably deny Respondents' motion to dismiss on these grounds alone given Respondents' lack of argument. Nevertheless, this Court's cursory examination and comparison of Petitioner's June 2020 amended habeas petition with his original June 2017 original habeas petition indicates at least several claims that purportedly relate back. By way of example only, Petitioner appears to raise some identical ineffective assistance of counsel claims in both habeas petitions. Accordingly, Respondents' motion to dismiss the amended habeas petition in its entirety as untimely lacks merit and will be denied.[2]

---

[2] The statute of limitations is decided on a claim-by-claim basis. See Fielder v. Varner, 379 F.3d 113, 118-19 (3d Cir. 2004). Nothing in this opinion prevents Respondents in their response to the amended habeas petition from arguing that specific claims within the amended habeas petition are untimely because they do not "relate back," in addition to any other arguments Respondents may have why such claims fail on the merits.

B. <u>Petitioner's Outstanding Miscellaneous Motions</u>

Petitioner also has several outstanding motions pending. Each are considered in turn.

i. *Motion for judicial notice (ECF No. 21)*

Petitioner's first outstanding motion is entitled a "motion for judicial notice." Among the items Petitioner takes exception to are the following: (1) permitting Respondents to elect to file a motion to dismiss due to untimeliness prior to filing a full response to Petitioner's amended habeas petition; (2) noting this Court should heed the time limits on Respondents already put in place by the order to answer; and (3) have the Attorney General rather than the Camden County District Attorney's file a response to Petitioner's amended habeas petition. These arguments are all plainly without merit. The Attorney General expressly referred this matter to the Camden County Prosecutor's Office to represent Respondents. <u>See</u> ECF No. 15. Furthermore, this Court has broad discretion to set and extend the briefing schedule. <u>See</u> <u>In re Fine Paper Antitrust Litig.</u>, 685 F.2d 810, 817 (3d Cir. 1982). Accordingly, this motion will be denied.

ii. *Motion to strike (ECF No. 28)*

Petitioner's next motion seeks to strike Respondents' filings in this case because Respondents are represented by the Camden County Prosecutor's Office rather than the New Jersey

10

Attorney General's Office.  This motion is also without merit.  As indicated above, the Attorney General's office expressly referred this matter to the Camden County Prosecutor's Office to represent Respondents.  See ECF No. 15.  Accordingly, this motion will be denied.

    iii. *Motion objecting to Respondents' motion to dismiss (ECF No. 31)*

Petitioner's next motion seeks to:  (1) find his amended habeas petition timely; (2) enter default judgment against Respondents; and (3) grant him habeas relief.  This opinion illustrates why Respondents' motion to dismiss will be denied.  Thus, Petitioner's request to find his amended habeas petition as timely is unnecessary.  Furthermore, default judgment is not proper against Respondents.  Indeed, as noted above, this Court has broad discretion to set up the briefing schedule.  Respondents' motion to dismiss was timely filed after this Court granted their request for an extension of time to file.  See ECF No. 25.  Finally, it is premature for this Court to grant Petitioner habeas relief without having first received a full and complete response to his claims from Respondents on the merits to Petitioner's claims.  Accordingly, Petitioner's motion to object will be denied.

    iv.  *Motion to correct clerical mistakes (ECF No. 32)*

Petitioner next requests reinstatement of his motion for default judgment as well as to unseal the case.  With respect to unsealing this case, this Court will discuss Petitioner's request infra in his more formal motion to unseal.  See ECF No. 37.  Additionally, Petitioner's motion to reinstate his motion for default judgment will be denied.  Indeed, as previously noted, this Court has broad discretion to control the briefing schedule in this matter.  Respondents' motion to dismiss was timely filed.  Accordingly, Petitioner's motion to correct clerical mistakes will be denied.[3]

    v.  *Motion to unseal (ECF No. 37)*

Next, Petitioner seeks to unseal the entire case.  On September 16, 2020, Respondents filed a motion to seal the entire record as the sexual crimes at issue involved a minor.  See ECF No. 24.  One day later, albeit without receiving a response from Petitioner to the motion to seal, this Court

---

[3] Petitioner references in this motion that he never received this Court's September 17, 2020 memorandum opinion and order – ECF No. 25.  The Clerk will be ordered to send Petitioner another copy of this memorandum opinion and order.  Additionally, Petitioner also claims in a later filing he did not get this Court's September 17, 2020 memorandum opinion and order granting Respondents' motion to seal.  See ECF No. 33.  Accordingly, the Clerk will also send Petitioner another copy of that memorandum opinion and order.

12

granted Respondents' motion and sealed the entire case.  See ECF No. 26.

Petitioner should have had the opportunity to respond initially to the motion to seal.  Nevertheless, with his motion to unseal, Petitioner has now had that opportunity.  Sealing the entire case may have been overbroad.  For example, this Court does not find anything in this opinion that would necessarily identify the minor.  Thus, the sealing issue will be revisited.

This Court is extremely mindful of the importance and need to protect the identity of the minor victim.  Nevertheless, transparency in judicial proceedings is also important.  Both interests can be satisfied if certain protocols are met by the parties as discussed below.

First, Respondents shall respond to Petitioner's motion to unseal.  Local Rule 5.3(c)(3)(d) states that a party seeking sealing must state why a less restrictive alternative is not available.  This Court believes a less restrictive alternative can be met by Respondents expressly indicating which documents already in the record should remain sealed rather than sealing the entire case.  Moving forward, Respondents can also seek to seal future documents that may be filed that includes identifying information of the victim.  Per usual motion practice, Petitioner shall be given an opportunity to file a reply to Respondents' response to his motion to unseal.

13

Respondent must follow the Court's local rules regarding motions to seal.  Local Civ. R. 5.3.

 vi. *Motion for relief from judgment (ECF No. 38)*

  Petitioner next seeks relief from this Court's September 17, 2020 memorandum opinion and order which denied his motion for default judgment and granted Respondents' request for an extension of time in which to file a response to Petitioner's amended habeas petition.  Petitioner's reliance on Federal Rule of Civil Procedure 60(b) in this motion is misplaced because there was no "judgment" associated with the September 17, 2020 order.  Furthermore, as previously indicated, this Court is granted broad discretion to set the briefing schedule.  Accordingly, this motion will be denied.

 vii. *Motion to Reassign Case (ECF 40)*

  Petitioner finally seeks to have this case reassigned to a Magistrate Judge.  Magistrate Judges are typically not assigned to habeas cases in this District.  Therefore, Petitioner's reliance on 28 U.S.C. § 636 is misplaced.

  Petitioner's motion could also be construed as a motion to recuse.  The legal standard for recusal of district court judges is codified in 28 U.S.C. §§ 144 and 455.  Section 144 provides for recusal "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or

14

prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. To be "legally sufficient," the facts must "give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment." Cooney v. Booth, 262 F. Supp. 2d 494, 501 (E.D. Pa. 2003) (quoting Berger v. United States, 255 U.S. 22, 33-34 (1921)). The court must accept all facts alleged in the affidavit as true, but need not accept the moving party's conclusions, conjecture, speculation, or surmises. Id.

Under § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Such disqualification is crucial to maintaining "the public's confidence in the judiciary, which may be irreparably harmed if a case is allowed to proceed before a judge who appears to be tainted." Alexander v. Primerica Holdings. Inc., 10 F.3d 155, 162 (3d Cir. 1993) (quoting In re Sch. Asbestos Litig., 977 F.2d 764, 776 (3d Cir. 1992)). Consequently, even where the judge is not "subjectively biased or prejudiced," he must recuse himself under § 455 "so long as he appears to be so." In re Community Bank of No. Va., 418 F.3d 277, 320 (3d Cir. 2005) (quoting United States v. Bertoli, 40 F.3d 1384, 1412 (3d Cir.1994)). In other words, the judge must recuse himself if a "reasonable man ... would harbor doubts

about the judge's impartiality." Cmty. Bank, 418 F.3d at 320 (citation omitted).

Petitioner's complaint with the undersigned appears related to his dissatisfaction with the briefing schedule as well as the response (or lack thereof) from this Court to some of his filings. This dissatisfaction with how the process is unfolding though is not grounds for recusal. Accordingly, Petitioner's motion will be denied.

Within this motion, Petitioner also alludes to his motion to appoint pro bono counsel filed in March 2020. See ECF No. 6. After that motion was filed, however, the action was administratively terminated which effectively terminated Petitioner's motion for the appointment of pro bono counsel as well. See ECF No. 7. However, based on Petitioner's most recent filing, it appears he seeks to renew his motion for the appointment of pro bono counsel.

A petitioner does not have a constitutional right to counsel in habeas proceedings. See Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991), superseded on other grounds by statute, 28 U.S.C. § 2254. However, 18 U.S.C. § 3006A(a)(2)(B) provides that the court has discretion to appoint counsel where "the court determines that the interests of justice so require ..." In Reese, the Third Circuit explained that in determining whether counsel should be appointed, a court "must first decide

16

if petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court.  Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims." Reese, 946 F.2d at 263-64.

Analyzing the factors outlined above, this Court finds the appointment of counsel is not warranted at this time. Accordingly, Plaintiff's reinstated motion for the appointment of pro bono counsel will be denied without prejudice.

IV.  CONCLUSION

For the foregoing reasons, Respondents' motion to dismiss the amended habeas petition due to untimeliness will be denied. Petitioner's outstanding motions except for the motion to unseal will also be denied.  Respondents shall file a response to the motion to unseal.  An appropriate order will be entered.


Dated: June 25, 2021                    s/ Noel L. Hillman
At Camden, New Jersey                   NOEL L. HILLMAN, U.S.D.J.