UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
_____
                                :
ABDIEL F. AVILA,                :
                                :
          Petitioner,           :     Civ. No. 18-9422 (NLH)
                                :
     v.                         :     MEMORANDUM OPINION & ORDER
                                :
                                :
THE ATTORNEY GENERAL OF         :
THE STATE OF NEW JERSEY,        :
et al.,                         :
                                :
          Respondents.          :
_____:
```

APPEARANCE:

Abdiel F. Avila
788891C
New Jersey State Prison
PO Box 861
Trenton, NJ 08625

     *Petitioner Pro se*

Grace C. MacAulay, Camden County Prosecutor
Jason Magid, Assistant Prosecutor
Office of the County Prosecutor
200 Federal Street
Camden, NJ 08103

     *Attorneys for Respondent*

HILLMAN, District Judge

     Petitioner is proceeding pro se with an amended petition

for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Presently before the Court are Petitioner's motion for the

appointment of pro bono counsel, ECF No. 61, and motion for

leave to file a supplemental letter brief and application for

emergency relief, ECF No. 71.  Respondents oppose the second

motion to the extent it requests relief in the form of an order

granting the amended petition.  ECF No. 74.  They otherwise rely

on their answer.  Id.

The Court will grant Petitioner's motion to file his

supplemental materials, but otherwise deny the motion.

Petitioner's letter brief and accompanying exhibits partially

relate to his claim that his sentence is illegal, so the Court

will permit him to file these documents and arguments.

Respondents may, but are not required to, file a supplement to

their answer in response.

The motion is moot to the extent it objects to the habeas

proceedings being sealed as the Court lifted the seal on March

20, 2023.  ECF No. 88.  Petitioner's continued objection to the

Camden County Prosecutor's Office representing the New Jersey

Attorney General's Office is meritless.  See ECF No. 71 at 26.

The Attorney General's Office designated the Camden County

Prosecutor's Office to represent its interests, ECF No. 15, and

this Court has already dismissed this argument as meritless, ECF

No. 44 at 10-11.  Accordingly, the motion is denied in part.

There is no 'automatic' constitutional right to counsel in

a federal habeas corpus proceeding."  Reese v. Fulcomer, 946

F.2d 247, 263 (3d Cir. 1991), superseded on other grounds by

statute, 28 U.S.C. § 2254.  However, 18 U.S.C. § 3006A(a)(2)(B)

provides that the Court has discretion to appoint counsel for financially eligible petitioners where "the court determines that the interests of justice so require . . . ."

Before appointing counsel, a court "must first decide if petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court.  Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims."  Reese, 946 F.2d at 263-64.  The amended petition survived initial review under Rule 4 of the Rules Governing Section 2254 Cases; therefore, it is not frivolous on its face.  However, the Court concludes the appointment of counsel is not warranted.

The Court denied Petitioner's prior motion for the appointment of counsel.  ECF No. 45.  The Court concludes that there has not been a change in circumstances requiring the appointment of counsel.  Even assuming that Petitioner's claims had some merit, the issues raised in the petition are not especially complex such that the appointment of counsel would be necessary to aid the Court or Petitioner.  Petitioner is a prolific filer, amply demonstrating his ability to present his case.  Therefore, Court will deny the motion for counsel.  The

3

Court reserves the right to sua sponte reconsider this decision should circumstances change.

THEREFORE, IT IS on this __31st__ day of __March__ , 2023

ORDERED that Petitioner's motion for the appointment of pro bono counsel, ECF No. 61, be, and the same hereby is, DENIED WITHOUT PREJUDICE; and it is further

ORDERED that Petitioner's motion for leave to file a supplemental letter brief and application for emergency relief, ECF No. 71, be, and the same hereby is, GRANTED IN PART.  The motion is granted to the extent that Petitioner may file his supplemental documents.  The motion is otherwise DENIED; and it is further

ORDERED that Respondents may, but are not required to, file a supplement to their answer within 30 days of this Order; and it is finally

ORDERED that the Clerk shall send Petitioner a copy of this Order by regular mail.


                                        s/ Noel L. Hillman
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.