```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ABDIEL F. AVILA,<br><br>        Petitioner,<br><br>  v.<br><br>THE ATTORNEY GENERAL OF<br>THE STATE OF NEW JERSEY,<br>et al.,<br><br>        Respondents. | Civil Action<br>No. 18-9422 (NLH)<br><br>**OPINION** |

APPEARANCES:

Abdiel F. Avila
788891C
New Jersey State Prison
PO Box 861
Trenton, NJ 08625

    *Petitioner pro se*

Grace C. MacAulay, Camden County Prosecutor
Jason Magid, Assistant Prosecutor
Office of the County Prosecutor
200 Federal Street
Camden, NJ 08103

    *Attorneys for Respondents*

<u>HILLMAN, District Judge</u>

I.   INTRODUCTION

    Abdiel F. Avila, a state prisoner confined in New Jersey State Prison, is proceeding on an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has also filed a

motion for summary judgment. ECF No. 83. Respondents did not file opposition to the summary judgment motion.

For the reasons stated herein, the Court will deny the summary judgment motion.

II. BACKGROUND

The facts of this case were recounted in detail in an opinion affirming the denial of Petitioner's postconviction relief ("PCR") petition as well as on direct appeal. They need not be repeated here as this Opinion does not adjudicate Petitioner's § 2254 petition on the merits. Petitioner's crimes focused on his prolonged sexual abuse of his stepdaughter which began at the age eleven and escalated to sexual intercourse in her early teens after Petitioner used a form of blackmail to convince her that she and other family members would be in danger from a cult if she refused his sexual demands. See State v. Avila, No. A-5729-08T3, 2011 WL 1466299, at *1-5 (N.J. Super. Ct. App. Div. Apr. 18, 2011) ("Avila I").

Petitioner was convicted of two counts of first-degree aggravated sexual assault, N.J.S.A. § 2C:14-2(a)(2)(a), and two counts of second-degree endangering the welfare of a child, N.J.S.A. §2C:24-4(a). The trial court sentenced Petitioner "to an aggregate term of ninety-five years in prison, subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2." State v.

Avila, No. A-2598-14T1, 2016 WL 6804414, at *1 (N.J. Super. Ct. App. Div. Nov. 17, 2016) ("Avila II").

Petitioner filed a motion for summary judgment arguing that "this case is UNOPPOSED as a whole" because "[t]he New Jersey, Office of Attorney General never filed an initial Entry of Appearance/Appearance of Counsel, nor any 'motion of substitution of parties' . . . ." ECF No. 83-1 at 4 (internal citation omitted). "The [appearances] of County agents are not employed in the Executive Branch of State Government . . . ." Id. He asserts that the Court should consider his amended petition to be unopposed because "the 'appropriate Respondent in accordance with Habeas Rule 2(a) has failed to appear, failed to plead and there is no opposition nor controversy to the 'whole case . . . for all the relief asked,' because Respondent did not 'show cause why the writ should not be granted.'" Id. at 4-5 (omission and emphasis in original) (quoting Fed. R. Civ. P. 56(c)).

III. STANDARD OF REVIEW

Summary judgment should be granted when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). A disputed fact is material when it could affect the outcome of the suit

3

under the governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 250. The Court should view the facts in the light most favorable to the non-moving party and make all reasonable inferences in that party's favor. Hugh v. Butler County Family YMCA, 418 F.3d 265, 267 (3d Cir. 2005).

Initially, the moving party must show the absence of a genuine issue concerning any material fact. See Celotex Corp. v. Carrett, 477 U.S. 317, 323 (1986). Once the moving party has satisfied its burden, the non-moving party, "must present affirmative evidence in order to defeat a properly supported motion for summary judgment." Anderson, 477 U.S. at 257. "While the evidence that the non-moving party presents may be either direct or circumstantial, and need not be as great as a preponderance, the evidence must be more than a scintilla." Hugh, 418 F.3d at 267 (citing Anderson, 477 U.S. at 251).

IV. ANALYSIS

Petitioner argues he is entitled to habeas relief as a matter of law because the Attorney General of the State of New Jersey failed to file an answer or other pleading in this matter. "[P]etitioner moves for summary judgment to be granted, the court records, show no genuine dispute of any of the 'actual' party-Respondent being an employee-attorney from NJDOC

4

in [sic] behalf of Bruce Davis, Administrator-NJSP; and an employee-attorney from the Office of Attorney General, who both have failed to appear and failed to file any Respondent pleadings . . . ." ECF No. 83-1 at 9 (emphasis in original) (internal citations omitted). Thus, according to Petitioner, his habeas petition is undisputed.

The New Jersey Attorney General designated the Camden County Prosecutor's Office to represent its interests, ECF No. 15, and the Prosecutor's Office filed an answer opposing the habeas petition, ECF No. 56. Petitioner is not entitled to summary judgment based on the "non-appearance" of Respondent.[1] Therefore, the Court will deny the motion.

V. CONCLUSION

For the reasons stated above, the Court will deny Petitioner's summary judgment motion. An accompanying Order will be entered.

```
 June 21, 2023                        s/ Noel L. Hillman
Date                                 NOEL L. HILLMAN
                                     U.S. District Judge
```

---

[1] The Court's summary judgment opinion is limited to the argument that Petitioner is entitled to judgment as a matter of law because the New Jersey Attorney General "failed to appear." The Court does not currently conclude that there are disputed issues of fact as to the merits of the amended habeas petition. The merits of the amended habeas petition will be addressed by the Court in due course.

5