UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ABDIEL F. AVILA,

                  Petitioner,

     v.

THE ATTORNEY GENERAL OF
THE STATE OF NEW JERSEY,
et al.,

                  Respondents.

Civil Action
No. 18-9422 (NLH)

**OPINION**

APPEARANCES:

Abdiel F. Avila
788891C
New Jersey State Prison
PO Box 861
Trenton, NJ 08625

     *Petitioner pro se*

Grace C. MacAulay, Camden County Prosecutor
Jason Magid, Assistant Prosecutor
Office of the County Prosecutor
200 Federal Street
Camden, NJ 08103

     *Attorneys for Respondent*

<u>HILLMAN</u>, District Judge

I.   INTRODUCTION

     Abdiel F. Avila, a state prisoner confined to New Jersey

State Prison, is proceeding on an Amended Petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254.  ECF Nos. 102-03.[1]
He also has two pending motions for reconsideration, ECF Nos. 93
& 107.

For the reasons stated herein, the Court will deny the
Amended Petition in part and dismiss it in part as procedurally
defaulted.  The Court will deny the motions for reconsideration.
No certificate of appealability shall issue.

II.  BACKGROUND

The Court has recited the facts of this case in other
opinions in this matter.  See, e.g., ECF No. 89 at 2-6.  The
Court adopts in full, but will not reproduce here, the facts as
set forth by the New Jersey Superior Court Appellate Division
("Appellate Division") in their opinion denying Petitioner's
direct appeal.  State v. Avila, No. A-5729-08T3, 2011 WL
1466299, at *1-5 (N.J. Super. Ct. App. Div. Apr. 18, 2011) (per
curiam) ("Avila I").[2]  The Court affords the state court's
factual determinations the appropriate deference, 28 U.S.C. §
2254(e)(1).

---

[1] The Court cites to redacted versions of the amended petition.
Unredacted versions are filed at Docket Entries 10 & 11.

[2] The Appellate Division adopted this statement of facts in their
opinion affirming the denial of Petitioner's postconviction
relief ("PCR") petition.  State v. Avila, No. A-2598-14T1, 2016
WL 6804414 (N.J. Super. Ct. App. Div. Nov. 17, 2016) ("Avila
II").

Petitioner "was charged in a four-count indictment with offenses committed against his stepdaughter, C.H., when she was thirteen and fourteen years old." Avila I, 2011 WL 1466299, at *1.  A grand jury charged him with two counts of first-degree aggravated sexual assault, N.J.S.A 2C:14-2(a)(2)(a), and two counts of second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a).  ECF No. 106-3 at 1.  At trial, Petitioner denied any of the "incidents ever occurred.  The defense attacked C.H.'s credibility, emphasizing that she should not be believed because, by her account of the events, she did not disclose their occurrence for many months." Avila I, 2011 WL 1466299, at *5.  Petitioner did not testify at trial or present witnesses on his behalf.  Id.

The jury convicted Petitioner on all counts.  ECF No. 106-3 at 1.  The trial court sentenced Petitioner "to an aggregate term of ninety-five years in prison, subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2." Avila II, 2016 WL 6804414, at *1.

Petitioner appealed to the Appellate Division, who affirmed Petitioner's convictions and sentence on April 18, 2011.  Avila I, 2011 WL 1466299.  The New Jersey Supreme Court denied certification on October 13, 2011.  State v. Avila, 29 A.3d 741 (N.J. 2011) (Table).

Petitioner filed a PCR petition in November 2011.  ECF No. 106-5.  He then subsequently filed an amended PCR petition.  ECF No. 106-6.  On October 15, 2014, the PCR court denied Petitioner's request for PCR relief without an evidentiary hearing.  See ECF No. 111-14; 9T.[3]  Petitioner then filed a motion for reconsideration on October 23, 2014, ECF No. 23-15, which the PCR court denied on February 10, 2015, ECF No. 111-16.  Petitioner appealed.  See ECF Nos. 111-17 & -18.

On November 17, 2016, the Appellate Division affirmed the denial of Petitioner's PCR petition.  Avila II, 2016 WL 6804414.  On March 7, 2017, the New Jersey Supreme Court denied certification.  State v. Avila, 161 A.3d 766 (N.J. 2017) (Table).

---

[3]  1T = Transcript of Motion, dated November 17, 2008; ECF No. 112-61.
2T = Transcript of Pre-Trial Hearing, dated March 16, 2009; ECF No. 112-62.
3T = Transcript of Trial Proceedings, dated March 17, 2009; ECF No. 112-63.
4T = Transcript of Trial Proceedings, dated March 18, 2009; ECF No. 112-64.
5T = Transcript of Trial Proceedings, dated March 19, 2009; ECF No. 112-65.
6T = Transcript of Trial Proceedings, dated March 24, 2009; ECF No. 112-66.
7T = Transcript of Trial Proceedings, dated March 25, 2009; ECF No. 112-67.
8T = Transcript of Sentencing, dated June 25, 2009; ECF No. 112-68.
9T = Transcript of PCR Hearing, dated October 15, 2014; ECF No. 112-69.
10T = Transcript of Motion for Reconsideration, dated February 9, 2015; ECF No. 112-70.

II. LEGAL STANDARD

Title 28 U.S.C. § 2254 permits a federal court to entertain a petition for writ of habeas corpus on behalf of a person in state custody pursuant to the judgment of a state court "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court decision is "contrary to" Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or "if the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] Court and nevertheless arrives at a result different from [the Court's] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000). "[A] state-court decision is an unreasonable application of [the

Supreme Court's] clearly established precedent if it correctly identifies the governing legal rule but applies that rule unreasonably to the facts of a particular prisoner's case." White v. Woodall, 572 U.S. 415, 426 (2014).  "This means that a state court's ruling must be 'so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'"  Shoop v. Hill, 139 S. Ct. 504, 506 (2019) (quoting Harrington v. Richter, 562 U.S. 86, 103 (2011)).  The Court must presume that the state court's factual findings are correct unless the petitioner rebuts the presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

Even if a petitioner meets § 2254(d)'s "difficult" standard, he must still show that any constitutional error had a "substantial and injurious effect or influence" on the verdict. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993).  See Brown v. Davenport, 596 U.S. 118, 134 (2022) ("[E]ven a petitioner who prevails under AEDPA must still today persuade a federal habeas court that 'law and justice require' relief.").

III. DISCUSSION

A.   Failure to Establish Jurisdiction

Petitioner's first claim argues that the trial court "failed to establish jurisdiction on the record, thereby causing imprisonment to be false and unconstitutional."  ECF No. 102 at

50.  Petitioner argues the trial court lacked jurisdiction because "no warrant was 'issued' on any date by any judge because no judge signed the warrant, therefore the court records denote no 'date of the issuance' of the warrant, establishing a lack of jurisdiction."  Id. at 51.  He further claims the indictment was invalid because it "was never presented to the Assignment Judge as it was never received."  Id.  Petitioner raised this argument in a pretrial motion, which the trial court rejected on November 17, 2008 on state law grounds.  1T12:11, 21:19 to 22:8.  The Appellate Division concluded the argument "lack[ed] sufficient merit to warrant discussion in a written opinion."  Avila I, 2011 WL 1466299, at *12.

Here, the state courts determined the trial court properly exercised jurisdiction over Petitioner's criminal case under New Jersey state law.  See N.J.S.A. 2C:1-3(a).  As the trial court noted, the indictment alleged "the incident happened in Camden County; the defendant was a resident of Camden County; the victim is a resident of Camden County; I believe, all the witnesses are in Camden County."  1T11:25 to 12:4.  See also ECF No. 112-1 (indictment).  The Court lacks the authority to review that determination in habeas proceedings.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").  "In conducting habeas review, a

federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Id.

Petitioner's challenge would also fail to the extent that the Court construes it as a challenge to the sufficiency of the indictment. "The courts of the United States have held almost without exception that the writ of habeas corpus will not lie to question the sufficiency of an indictment which on its face is within the jurisdiction of the court to which it was returned and that the writ of habeas corpus will not serve as a writ of error." U. S. ex rel. Potts v. Rabb, 141 F.2d 45, 47 (3d Cir. 1944), supplemented, 147 F.2d 225 (3d Cir. 1945). Under federal law, "[a]n indictment is facially sufficient when it not only states the elements of the offense, but also 'sufficiently apprises the defendant of what he must be prepared to meet, and ... allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution.'" United States v. Harra, 985 F.3d 196, 221 (3d Cir. 2021) (quoting United States v. Stevenson, 832 F.3d 412, 423 (3d Cir. 2016) (omission in original)). See also Russell v. United States, 369 U.S. 749, 763-64 (1962). The indictment satisfies these requirements. See ECF No. 112-1. Therefore, the indictment is not deficient as a matter of federal law. The Court will deny habeas relief on this claim.

B.  Perjured Testimony

Petitioner argues the State knew C.H. offered perjured
testimony during trial in violation of the Fourteenth Amendment.
ECF No. 102 at 82.  He argues there the State "coached" C.H.
during her testimony because the trial court had directed C.H.
"to answer either by a yes or no answer" but "from 683 questions
during the March 19, 200[9] hearing returned a testimony of an
'uh huh.'"  Id. at 83.  "[T]here was no eviden[c]e that
corroborated [C.H.'s] claim."  Id. at 82.  Petitioner did not
exhaust this claim, see id. at 85, but the Court exercises its
discretion to deny relief as it is plainly without merit.  28
U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus
may be denied on the merits, notwithstanding the failure of the
applicant to exhaust the remedies available in the courts of the
State.").

Petitioner argues that C.H. perjured herself because there
was no physical evidence to corroborate her sexual assault
allegations.  ECF No. 102 at 82.  Although Petitioner's semen
was found on his bedroom comforter, police did not find fluids
or other forensic evidence from C.H. on the comforter.  Avila I,
2011 WL 1466299, at *5.  Petitioner's DNA was not found during
C.H.'s sexual assault examination.  6T52:20-23 (testimony that
no specimens from C.H.'s sexual assault kit tested positive for
any biological materials).  "A state violates the Fourteenth

9

Amendment's due process guarantee when it knowingly presents or fails to correct false testimony in a criminal proceeding." Haskell v. Superintendent Greene SCI, 866 F.3d 139, 145-46 (3d Cir. 2017) (citing Napue v. Illinois, 360 U.S. 264, 269 (1959); Giglio v. United States, 405 U.S. 150, 153 (1972); Lambert v. Blackwell, 387 F.3d 210, 242 (3d Cir. 2004)).  To succeed on this claim, Petitioner "must show that (1) [the witness] committed perjury; (2) the government knew or should have known of [the] perjury; (3) the testimony went uncorrected; and (4) there is any reasonable likelihood that the false testimony could have affected the verdict."  Lambert, 387 F.3d at 242.

Petitioner has not shown that C.H. gave "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory."  United States v. Dunnigan, 507 U.S. 87, 94 (1993).  See also Avila I, 2011 WL 1466299, at *8 (noting the trial court did not err in declining to charge "false in one, false in all" because "[t]he record contains no evidence to establish that C.H. intentionally testified falsely").  The fact that no semen or other biological material was recovered during C.H.'s exam is consistent with C.H.'s testimony that Petitioner ejaculated on her back and that she showered after the assaults. 5T73:14-22.  The State candidly acknowledged the lack of physical evidence during its closing and argued it was part of

10

Petitioner's plan to avoid detection.  7T27:19 to 28:3, 28:12 to 29:9.  Additionally, there is no federal case law support for Petitioner's assertions that C.H's "uh huhs" are evidence of coaching by the State.  The Court will deny habeas relief on this claim as well.

C.   Illegal Sentence

Petitioner argues the trial court imposed an illegal sentence in violation of the Eighth Amendment.  He argues the trial court "ignored to follow the requirements in N.J.S.A. 2C:14-6"; imposed a sentence without his consent; the "imposition of the sentence for a statutory maximum was not based on the facts found by the jury"; "the motion for [an] extended term was filed out of time"; "Defendant's sentence is an expired sentence under the Graves Act"; and that the fines and penalties are excessive.  ECF No. 102 at 59-61.  The PCR court dismissed this claim as procedurally defaulted because it was not raised on direct appeal.  9T42:20 to 43:3.  The Appellate Division affirmed.  Avila II, 2016 WL 6804414, at *5.

"[O]nly rarely may a federal habeas court hear a claim or consider evidence that a prisoner did not previously present to the state courts in compliance with state procedural rules."  Shinn v. Ramirez, 596 U.S. 366, 375-76 (2022).  "'Out of respect for finality, comity, and the orderly administration of justice,' federal courts may excuse procedural default only if a

11

prisoner 'can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law.'" Id. at 379 (quoting Dretke v. Haley, 541 U.S. 386, 388 (2004); Coleman v. Thompson, 501 U.S. 722, 750 (1991)).

Petitioner appears to assert ineffective assistance of counsel caused this default. ECF No. 102 at 59. See Murray v. Carrier, 477 U.S. 478, 488 (1986) ("Ineffective assistance of counsel, then, is cause for a procedural default."). However, the state court record does not support a conclusion that trial counsel was ineffective when he failed to make these arguments on direct appeal.

Trial counsel challenged the length of Petitioner's sentence on direct appeal, and the Appellate Division agreed the 95-year sentence was harsh but had "no hesitancy in concluding that the offense circumstances here were particularly heinous and cruel, and committed in a depraved manner." Avila I, 2011 WL 1466299, at *11. "[Petitioner] used threats and coercion against this vulnerable and impressionable victim over whom he exercised supervisory control and power. He went to great lengths to fabricate the 'Sisterhood' scenario, constantly reinforcing in C.H.'s mind her obligation to comply with his demands to avoid harm to members of her family." Id. The Appellate Division found no merit to Petitioner's argument that

the sentence or extended term was "manifestly excessive or
unduly punitive." Id. at *12.

"Sentencing is a matter of state criminal procedure and it
does not involve such a denial of fundamental fairness as to
fall within the purview of federal habeas corpus." Grecco v.
O'Lone, 661 F. Supp. 408, 415 (D.N.J. 1987). "[A] federal
court's ability to review state sentences is limited to
challenges based on 'proscribed federal grounds such as being
cruel and unusual, racially or ethnically motivated, or enhanced
by indigencies.'" Rollins v. Slaughter, No. 19-13390, 2022 WL
2358387, at *17 (D.N.J. June 30, 2022) (quoting Grecco, 661 F.
Supp. at 415).

The Eighth Amendment, which forbids cruel and unusual
punishments, contains a 'narrow proportionality principle' that
'applies to noncapital sentences.'" Ewing v. California, 538
U.S. 11, 20 (2003) (citations omitted). "A court must consider
three proportionality factors when evaluating Eighth Amendment
challenges: (1) the gravity of the offense and the harshness of
the penalty; (2) the sentences imposed on other criminals in the
same jurisdiction; and (3) the sentences imposed for commission
of the same crime in other jurisdictions." United States v.
Burnett, 773 F.3d 122, 136 (3d Cir. 2014) (citing Solem v. Helm,
463 U.S. 277, 290-92 (1983)). "In conducting this analysis, a
court grants substantial deference to legislative decisions

13

regarding punishments for crimes." Id.  This proportionality
principle also applies to excessive fine claims.  United States
v. Bajakajian, 524 U.S. 321, 336 (1998).

Petitioner's extended term was imposed on one of his
convictions for first-degree aggravated sexual assault because
he was a persistent offender.  Avila I, 2011 WL 1466299, at *1.
At sentencing, the trial court noted the applicable extended-
term sentencing range was between 10 years and life
imprisonment.  8T73:9-13.  Petitioner's sentence is within that
range.  "Generally, a sentence within the limits imposed by
statute is neither excessive nor cruel and unusual under the
Eighth Amendment."  United States v. Miknevich, 638 F.3d 178,
186 (3d Cir. 2011).  "If the petitioner fails to demonstrate a
gross imbalance between the crime and the sentence, a court's
analysis of an Eighth Amendment challenge ends."  Rollins, 2022
WL 2358387, at *17.

New Jersey law requires "that a person convicted of a
qualifying sex offense 'shall' be assessed the statutory
penalty."  State v. Bolvito, 86 A.3d 131, 137 (N.J. 2014)
(citing N.J.S.A. 2C:14-10).  First-degree aggravated sexual
assault is a qualifying offense, meaning that Petitioner falls
within the class of persons this statute was intended to reach.
The maximum fine for first-degree offenses is $2,000 per
offense.  N.J.S.A. 2C:14-10(a)(1).  The trial court imposed the

14

maximum fines on Petitioner after making several findings about the seriousness of Petitioner's offenses.  8T55:25 to 56:18. See United States v. Kousisis, No. 19-3679, 2023 WL 6294144, at *3 (3d Cir. Sept. 27, 2023) (listing excessive fine claim factors).

There is not a reasonable likelihood that the Appellate Division would have made a different decision had trial counsel made Petitioner's other arguments on direct appeal; therefore, he has not shown that trial counsel was ineffective under Strickland v. Washington, 466 U.S. 668 (1984).  In the absence of ineffective assistance, Petitioner cannot establish cause and prejudice for his procedural default.  Petitioner has procedurally defaulted on this claim, and the Court will dismiss it accordingly.

D.  Sufficiency of the Evidence

Petitioner argues "[t]he jury verdict is inconsistent to the evidence and fails to have sufficient evidential basis for the charges" and that "[t]he State failed to prove each element of offences, no reliable evidence was 'produced' to prove its case on each element beyond a reasonable doubt . . . ."  ECF No. 102 at 55.  Although Petitioner frames this as an ineffective assistance of trial counsel claim "for failing to obtain acquittal of defendant due to lack of proof beyond reasonable doubt," id., the facts alleged are actually challenging the

15

sufficiency of the evidence against Petitioner.  The PCR court dismissed this claim as procedurally defaulted because it was not raised on direct appeal.  9T40:1 to 42:6.  The Appellate Division affirmed.  <u>Avila II</u>, 2016 WL 6804414, at *5.

Petitioner has not shown cause for his default.  "[T]he critical inquiry on review of the sufficiency of the evidence to support a criminal conviction must be not simply to determine whether the jury was properly instructed, but to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt."  <u>Jackson v. Virginia</u>, 443 U.S. 307, 318 (1979).  "[E]vidence is sufficient to support a conviction if, 'after viewing the evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  <u>Coleman v. Johnson</u>, 566 U.S. 650, 654 (2012) (per curiam) (emphasis in original) (quoting <u>Jackson</u>, 443 U.S. at 319).

The Appellate Division recounted the evidence against Petitioner in its opinion denying his direct appeal, <u>Avila I</u>, 2011 WL 1466299, at *1-5, and the state court record reasonably supports the verdict.  There is not a reasonable likelihood that the Appellate Division would have agreed with Petitioner's sufficiency of the evidence argument had trial counsel made it on direct appeal, so trial counsel was not ineffective for not

making it.  In the absence of ineffective assistance, Petitioner cannot establish cause and prejudice for his procedural default. Petitioner has procedurally defaulted on this claim, and the Court will dismiss it accordingly.

E.   Ineffective Assistance of Counsel

Most of Petitioner's claims are allegations of ineffective assistance of counsel in violation of the Sixth Amendment.  For these claims, Petitioner must first "show that counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688.  He must then show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.  "That requires a 'substantial,' not just 'conceivable,' likelihood of a different result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Harrington v. Richter, 562 U.S. 86, 112 (2011)).

Furthermore, the "pivotal question" in a section 2254 Strickland claim "is whether the state court's application of the Strickland standard was unreasonable[, which] is different from asking whether defense counsel's performance fell below Strickland's standard." Harrington, 562 U.S. at 101.  The Court's review is thus "doubly deferential." Cullen, 563 U.S.

17

at 190.  "[T]he question is not whether counsel's actions were
reasonable[,] ... but whether there is any reasonable argument
that counsel satisfied <u>Strickland</u>'s deferential standard."
<u>Harrington</u>, 562 U.S. at 105.

    1.   Illegal Sentence

    Petitioner argues that trial counsel was ineffective
because the "conviction imposed is [an] illegal sentence as such
accord and satisfaction of the judgment, having defendant been
only eligible for a mandatory sentence under the Graves Act."
ECF No. 102 at 59 (brackets in original).  "The Cour[t] never
obtained the 'consent' of the defendant to impose any sentence
the imposition of the sentence for a statutory maximum was not
based on the facts found by the jury; the motion for extended
term was filed out of time."  <u>Id.</u> at 60.  He further states that
his "sentence is an expired sentence under the Graves Act" and
the "[f]ines and penalties imposed are illegal sentence[s]
having failed to provide defendant due process, by not
scheduling hearing as to his ability to pay . . . ."  <u>Id.</u>  The
Appellate Division concluded this argument was "without
sufficient merit to warrant discussion here."  <u>Avila II</u>, 2016 WL
6804414, at *5 (citing N.J. Ct. R. 2:11–3(e)(2)).

    Petitioner makes several claims of error by the trial
court, but he has not pointed to any actions by trial counsel
that could reasonably be considered error within the meaning of

Strickland.[4]  His conclusory allegations of trial counsel error
are not enough to justify relief under § 2254(d).  Therefore,
the Appellate Division reasonably applied Strickland when it
rejected these arguments.

> 2.  Failure to Present Alibi Evidence

Petitioner argues trial counsel was ineffective for failing
to file a timely notice of alibi, which prevented Petitioner
from presenting witnesses who would have testified that "the
allegation of picking [C.H.] up from school, to have sex was
false."  ECF No. 112-8 at 28.[5]  He also argues that the witnesses

---

[4] To the extent Petitioner alleges that trial counsel erred by
failing to make these challenges on direct appeal, the Court
rejected that argument in its procedural default discussion
supra.

[5] Petitioner referred the Court to certain arguments raised
before the Appellate Division in his August 28, 2015
supplemental brief.  ECF No. 102 at 64 (quoting Strickland, 466
U.S. at 696).  Petitioner asserts that the Appellate Division
did not rule on the merits of his claims because it did not
address them "point by point," but AEDPA deference applies even
when there has been a summary denial.  Cullen v. Pinholster, 563
U.S. 170, 187 (2011) (citation omitted).  The Appellate Division
summarily rejected Petitioner's ineffective assistance of
counsel claims on postconviction review.  Avila II, 2016 WL
6804414, at *5 (citing N.J. Ct. R. 2:11-3(e)(2)).  "In these
circumstances, [Petitioner] can satisfy the 'unreasonable
application' prong of § 2254(d)(1) only by showing that 'there
was no reasonable basis' for the" state court's decision.
Cullen, 563 U.S. at 187 (quoting Harrington v. Richter, 562 U.S.
86, 98 (2011)).  "Under § 2254(d), a habeas court must determine
what arguments or theories . . . could have supported, the state
court's decision; and then it must ask whether it is possible
fairminded jurists could disagree that those arguments or
theories are inconsistent with the holding in a prior decision
of" the Supreme Court."  Harrington, 562 U.S. at 102.

would have testified on his behalf about C.H.'s "fabricated
story of the defendant taking her <u>virginity</u> and of the alleged
act on 6/30/06." <u>Id.</u> at 32 (emphasis in original).  In
particular, Petitioner relies on a letter dated September 12,
2006 from his foster sister, Victoria Ann Sanabria, and
affidavit from C.H.'s mother, Alba Dominguez dated November 17,
2008.  <u>Id.</u> at 28.

    Sanabria's letter states that C.H. said she had a boyfriend
with whom she was planning on having sex.  ECF No. 102-2 at 53.
Sanabria alleged this conversation with C.H. took place around
the time C.H. reported Petitioner's assaults.  <u>Id.</u>  Dominguez's
affidavit asked the trial court to dismiss the case "due to the
fact that I want this episode of my life to be over.  I also
would like him to stay away from my daughter and me."  ECF No.
112-51 at 272.  Petitioner also sought the testimony of William
Fuller, who notarized Dominguez's affidavit.  ECF No. 112-8 at
33.

    The Court has reviewed Petitioner's arguments and the
relevant state court record and concludes that he has failed to
satisfy § 2254(d)'s standard for relief.  Sanabria is
Petitioner's foster sister, and her letter does not claim that
C.H. told her that Petitioner never assaulted C.H.  ECF No. 102-
2 at 53.  Considering Sanabria's relationship to Petitioner and
the very minimal probative value of her testimony, counsel could

have reasonably decided that Sanabria would have been a poor witness.  Dominguez's affidavit asked the trial court to dismiss the case because she "want[ed] this episode of [her] life to be over," not because she believed Petitioner to be innocent.[6]  ECF No. 112-51 at 272.  She also stated that she was in the process of divorcing Petitioner and that she wanted him to stay away from her and C.H.  <u>Id.</u>

On the record before the Court, the Appellate Division could have reasonably concluded that not presenting the documents as "alibi" evidence was sound trial strategy. Assuming Sanabria and Dominguez would have testified about the contents of the documents, it would have been reasonable for trial counsel to decide that they would not have been beneficial witnesses for Petitioner.  See <u>Porter v. Adm'r of New Jersey State Prison</u>, No. 20-2048, 2021 WL 2910944, at *3 (3d Cir. July 12, 2021) (finding state courts reasonably applied <u>Strickland</u> in concluding decision not to call alibi witness due to potential bias was "tactical and sound trial strategy"), <u>cert. denied</u> <u>sub nom. Porter v. Johnson</u>, 142 S. Ct. 1158 (2022).  Additionally, the trial court denied trial counsel's attempt to inquire about

---

[6] It seems Petitioner wanted Fuller, the notary, to testify that Fuller delivered Dominguez's affidavit to the trial court.  ECF No. 112-8 at 34.  There is not a reasonable likelihood that this testimony would have changed the result at trial, so the Appellate Division reasonably applied <u>Strickland</u> in dismissing this argument.

C.H.'s "social interactions" under New Jersey's Rape Shield Law, N.J.S.A. 2C:14-7(a), which limits the circumstances under which a defendant may present evidence of a sexual assault victim's previous sexual conduct.  3T59:5-9, 59:19 to 60:2.  This evidentiary decision is not reviewable in federal habeas, see Wilson v. Vaughn, 533 F.3d 208, 213 (3d Cir. 2008) ("Admissibility of evidence is a state law issue."), and the exclusion of the "alibi evidence" does not rise to the level of a due process violation, see Keller v. Larkins, 251 F.3d 408, 413 (3d Cir. 2001) (an evidentiary error rises to the level of a due process violation only when "it was of such magnitude as to undermine the fundamental fairness of the entire trial").

There are reasonable grounds that are consistent with Strickland's holding on which the Appellate Division could have based its rejection of Petitioner's ineffective assistance of counsel claims.  Cullen v. Pinholster, 563 U.S. 170, 187 (2011); Harrington v. Richter, 562 U.S. 86, 102 (2011).  Therefore, Petitioner has not satisfied § 2254(d).  The Court will deny habeas relief for this claim.

3.   Failure to Move for Exclusion of C.H.'s Statement

Petitioner further argues that trial counsel failed to move for the exclusion of C.H.'s statement to police under N.J.R.E. 404(b).  ECF No. 112-8 at 40.  This claim has no merit.  C.H.'s statement was used to refresh her recollection during her direct

testimony; it was not entered into evidence.   5T108:10-12.
Thus, there was no error by trial counsel, and the Appellate
Division reasonably rejected Petitioner's ineffective assistance
of counsel claim.   The Court will deny habeas relief for this
claim.

    4.   Failure to Request <u>Wade</u> Hearing

    Petitioner argues that trial counsel should have requested
a <u>Wade</u> hearing for each witness who testified at trial.   ECF No.
112-8 at 45.   "The purpose of a <u>Wade</u> hearing is to determine
whether identification testimony should be suppressed because
the manner in which the identification of the suspect was
obtained was unduly suggestive."   <u>Herrill v. Ricci</u>, No. 10-3575,
2016 WL 1183176, at *18 (D.N.J. Mar. 28, 2016) (citing <u>United
States v. Wade</u>, 388 U.S. 218, 242 (1967)).   "The hearing is made
outside the presence of a jury, and concerns not the in-court
identification, but only the pre-trial identification."   <u>United
States v. Stevens</u>, 935 F.2d 1380, 1386 n.3 (3d Cir. 1991)
(citation omitted).

    Here, trial counsel was not ineffective for failing to
request a <u>Wade</u> hearing because Petitioner was not entitled to a
<u>Wade</u> hearing.   "As the circumstances in this case show, the
witnesses' identifications of Petitioner . . . were not the
result of suggestive identification procedures, but rather, were
based on the witnesses' familiarity with Petitioner . . . ."

Herrill, 2016 WL 1183176, at *18.  The Appellate Division reasonably rejected this argument as meritless, and its decision does not contradict federal law.

    5.   Failure to Advise of Maximum Sentence

    Petitioner next alleges that trial counsel provided ineffective assistance during the plea-bargaining stage.  ECF No. 102 at 68.  The State offered Petitioner a recommended 15-year sentence, subject to NERA, in exchange for a guilty plea to first-degree aggravated sexual assault.  ECF No. 102-2 at 21-22. He asserts trial counsel "misinformed petitioner of his sentencing exposure" and that he was not aware that "the maximum exposure would be 95 years" prior to rejecting the plea agreement.  ECF No. 102 at 69-70. The pretrial memorandum reflected a maximum sentencing exposure of 60 years.  Id. at 69. See also ECF No. 102-2 21.[7]

    Respondent asserts this claim is unexhausted because it "was not raised before the PCR court, and instead, was raised for the first time, before the Appellate Division . . . ."  ECF No. 56 at 37 n.6.  The Appellate Division's opinion lists this claim as having been raised below and included it in its summary rejection of the ineffective assistance claims.  Avila II, 2016

---

[7] At a pre-trial hearing, the trial court and trial counsel told Petitioner that he was facing a life sentence if convicted. 3T81:9-22.

WL 6804414, at *4-5.  The Court presumes the claim was exhausted

and will review it with the appropriate AEDPA deference.[8]

    "Defendants have a Sixth Amendment right to counsel, a

right that extends to the plea-bargaining process."  Lafler v.

Cooper, 566 U.S. 156, 162 (2012).  For Petitioner to succeed on

his claim that ineffective assistance caused him to reject a

favorable plea deal and proceed to trial, he

> must show that but for the ineffective advice of counsel
> there is a reasonable probability that the plea offer
> would have been presented to the court (i.e., that the
> defendant would have accepted the plea and the
> prosecution would not have withdrawn it in light of
> intervening circumstances), that the court would have
> accepted its terms, and that the conviction or sentence,
> or both, under the offer's terms would have been less
> severe than under the judgment and sentence that in fact
> were imposed.

Id. at 164.  The Court need not consider whether trial counsel

erred because Petitioner cannot establish the prejudice prong.

    Petitioner states he rejected the plea agreement because he

"knew he was actually innocent . . . ."  ECF No. 102 at 69.

Petitioner consistently maintained his innocence throughout the

state court proceedings.  See, e.g., 8T46:22-24 ("How can an

individual that's innocent have remorse on something that he

didn't do?").  He continues to assert his innocence in his §

2254 petition, stating there is "clear and convincing evidence

---

[8] The claim would fail under the more lenient de novo standard of
review, however, for the same reasons.

of Petitioner's innocence established in the record . . . ."
ECF No. 102 at 70.  Under these circumstances, there is not a
reasonable likelihood that Petitioner would have accepted the
guilty plea even if he had known the maximum sentencing
exposure.  See United States v. Tarnai, 782 F. App'x. 128, 132
(3d Cir. 2019) ("[Petitioner] has not established the government
would have allowed him to take the plea while insisting on his
innocence."); Humphress v. United States, 398 F.3d 855, 859 (6th
Cir. 2005) (noting that defendant's assertion of innocence
undermined his contention that he would have accepted a plea
deal); Sanders v. United States, 341 F.3d 720, 723 (8th Cir.
2003) ("A defendant who maintains his innocence at all the
stages of his criminal prosecution and shows no indication that
he would be unwilling to admit his guilt undermines his later §
2255 claim that he would have pleaded guilty if only he had
received better advice from his lawyer.").

     Moreover, there is not a reasonable likelihood that the
state courts would have accepted the plea.  See State v.
Taccetta, 975 A.2d 928, 935 (N.J. 2009) ("The notion that a
defendant can enter a plea of guilty, while maintaining his
innocence, is foreign to our state jurisprudence.  Court-
sanctioned perjury is not a permissible basis for the entry of a
plea in this State." (footnote omitted)).  See also Davis v.
Adm'r New Jersey State Prison, 795 F. App'x 100, 103 (3d Cir.

26

2019) ("[Petitioner] had maintained — and continues to maintain — his innocence and is thereby prohibited under New Jersey law from pleading guilty."). This is consistent with federal law. See North Carolina v. Alford, 400 U.S. 25, 38 n.11 (1970) ("[T]he States may bar their courts from accepting guilty pleas from any defendants who assert their innocence.").

"Even if trial counsel did err by misstating Petitioner's maximum exposure, "[t]here can be no prejudice if counsel's deficient performance merely deprived [Petitioner] of the opportunity to do something that would have been legally prohibited." Davis, 795 F. App'x at 103 (citing Nix v. Whiteside, 475 U.S. 157, 175 (1986)). The Appellate Division's summary denial of this claim does not contradict federal law and is reasonable based on the record before the Court. Therefore, the Court will deny habeas relief.

6.   Failure to Investigate and Call Witnesses

Petitioner alleges trial counsel was ineffective for failing to call certain witnesses at trial: Petitioner's daughter, Edna Isabel Avila; Dominguez; Fuller; Dr. Larry Pettis; and Dr. Marita Lind. ECF No. 102 at 78-79. The Appellate Division adopted the PCR court's reasoning and rejected this argument on the merits during Petitioner's PCR appeal. Avila II, 2016 WL 6804414, at *5.

"The decision whether to call any witnesses on behalf of the defendant, and if so which witnesses to call, is a tactical decision of the sort engaged in by defense attorneys in almost every trial." United States v. Nersesian, 824 F.2d 1294, 1321 (2d Cir. 1987). See also Berryman v. Morton, 100 F.3d 1089, 1101 (3d Cir. 1996) ("The right to counsel does not require that a criminal defense attorney leave no stone unturned and no witness unpursued."); Judge v. United States, 119 F. Supp. 3d 270, 284-85 (D.N.J. 2015) ("Where a petitioner challenges his counsel's decision as to which witnesses to call, courts are required not simply to give the attorney the benefit of the doubt, but to affirmatively entertain the range of possible reasons petitioner's counsel may have had for proceeding as he did." (cleaned up)).

The Appellate Division relied on the PCR court's conclusion that Petitioner had not adequately supported his claim that Dominguez "if called as a trial witness, would have provided an alibi or other exculpatory testimony" or that "Dr. Marita Lind, who examined C.H. two weeks after she reported the assaults[,] . . . could or would have testified that defendant was not the source of any sexual contact with C.H." Avila II, 2016 WL 6804414, at *3 (internal quotation marks omitted). It rejected these arguments as "bald assertions, unsupported by legally competent evidence." Id. at *5 (internal quotation marks

omitted).  This was a reasonable application of Strickland. See United States v. Lathrop, 634 F.3d 931, 939 (7th Cir. 2011) ("When a petitioner alleges that counsel's failure to investigate resulted in ineffective assistance, the petitioner has the burden of providing the court with specific information as to what the investigation would have produced."); Duncan v. Morton, 256 F.3d 189, 201-02 (3d Cir. 2001) (holding habeas petitioner failed to establish Strickland prejudice when he failed to present any sworn testimony by the witnesses he claimed counsel should have investigated and called at trial).

Petitioner asserts the Appellate Division ignored an affidavit dated March 28, 2014 from Dominguez, ECF No. 102 at 24, but this document does not set forth what evidence Dominguez would have presented at trial, ECF No. 102-2 at 16.  Moreover, her affidavit dated November 17, 2008 only asked the trial court to dismiss the case "due to the fact that I want this episode of my life to be over."  ECF No. 112-51 at 272.  Neither of these documents describe what testimony Dominguez would have presented at trial.  Another document cited by Petitioner is a list from trial counsel identifying possible witnesses for the State.  ECF No. 102-2 at 55.  The letter does not claim that trial counsel would be presenting these witnesses on Petitioner's behalf, nor does it set out the testimony those people might provide.

Therefore, the Appellate Division reasonably concluded that Petitioner did not meet Strickland's standard.

The Appellate Division's summary rejection of Petitioner's arguments concerning his other proposed witnesses, Edna Isabel Avila, Fuller, and Pettis complies with Strickland for the same reason.  Petitioner failed to provide the PCR court with sworn statements from those people stating that they were available to testify at trial and describing the substance of their proposed testimony.  The Appellate Division's summary denial of this claim does not contradict federal law and is reasonable based on the record before the Court.  Therefore, the Court will deny habeas relief on this ground as well.

7.   Cumulative Error

Finally, Petitioner argues the cumulative errors of counsel rendered ineffective assistance.  ECF No. 102 at 65.  "[E]rrors that individually do not warrant habeas relief may do so when combined."  Albrecht v. Horn, 485 F.3d 103, 139 (3d Cir. 2007).  "Cumulative errors are not harmless if they had a substantial and injurious effect or influence in determining the jury's verdict, which means that a habeas petitioner is not entitled to relief based on cumulative errors unless he can establish 'actual prejudice.'"  Id. (quoting Brecht v. Abrahamson, 507 U.S. 619, 637 (1993)).

The Court has reviewed the Appellate Division's resolution of Petitioner's ineffective assistance of counsel arguments with the appropriate AEDPA deference and concluded its decision was not contrary to or an unreasonable application of federal law. Its decision was also reasonable based on the facts at trial. "[] Petitioner has (i) failed to cast doubt over the proofs of his guilt, and (ii) failed to establish that he has suffered any prejudice from the purported errors." Thomas v. Johnson, No. 18-0710, 2022 WL 603002, at *28 (D.N.J. Mar. 1, 2022), certificate of appealability denied sub nom Thomas v. Adm'r New Jersey State Prison, No. 22-1540, 2022 WL 4363552 (3d Cir. Aug. 30, 2022). "Thus, Petitioner has not proven that the alleged cumulative errors had 'a substantial and injurious effect or influence in determining the jury's verdict.'" Id. (quoting Fahy v. Horn, 516 F.3d 169, 205 (3d Cir. 2008)). The Court will deny habeas relief on this ground.

F.   Actual Innocence

Petitioner asserts he is "actually innocent" throughout his petition. See, e.g., ECF No. 102 at 74, 86. Petitioner did not exhaust his actual innocence claim in the state courts. ECF No. 102 at 91 (conceding the claim was "not subsequently raised on appeal nor the Supreme Court of New Jersey"). "The excuse of exhaustion is as establish [sic] lack of jurisdiction on the case from the beginning, and interference . . . which as a

31

[result] petitioner was wrongfully convicted." Id.  The Court
exercises its discretion under § 2254(b)(2) to deny relief as it
is plainly without merit.

"Currently, the Supreme Court treats actual innocence as a
gateway for consideration of procedurally defaulted claims."
Wright v. Superintendent Somerset SCI, 601 F. App'x 115, 119 (3d
Cir. 2015) (citing McQuiggin v. Perkins, 569 U.S. 383 (2013);
Schlup v. Delo, 513 U.S. 298, 327-29 (1995)).  "The Supreme
Court has not yet recognized the existence of a freestanding
claim of actual innocence." Id.  See also Herrera v. Collins,
506 U.S. 390, 400 (1993) ("Claims of actual innocence based on
newly discovered evidence have never been held to state a ground
for federal habeas relief absent an independent constitutional
violation occurring in the underlying state criminal
proceeding.").  To the extent such a freestanding claim exists,
"the threshold showing for such an assumed right would
necessarily be extraordinarily high." Id. at 417.

At a minimum, Petitioner would have to satisfy the Schlup
gateway standard and show "that, in light of new evidence
(including 'new exculpatory scientific evidence'), 'it is more
likely than not that no reasonable juror would have found
petitioner guilty beyond a reasonable doubt.'" Albrecht v.
Horn, 485 F.3d 103, 121 (3d Cir. 2007) (quoting Schlup, 513 U.S.
at 327).  He has failed to do so.

Petitioner does not rely on any new evidence for his claims; all the evidence that Petitioner cites was either presented at trial or was available to him at that time.  He argues he is actually innocent because trial counsel's actions "led to the several errors germane to illegal sentence; [challenge] to the[] indictment; Fresh complaint and other [evidentiary] rulings."  ECF No. 102 at 74.  The Court has already rejected Petitioner's ineffective assistance of counsel claims and concluded that the state courts' decisions were not contrary to or an unreasonable application of established federal law.  Additionally, trial counsel did object to the admission of C.H.'s note as fresh complaint evidence, but the Appellate Division affirmed the admission on direct appeal.  See Avila I, 2011 WL 1466299, at *5.  The Court discerns no constitutional error in this decision, and the claim of ineffective assistance of counsel lacks merit.

The Court has reviewed Petitioner's submissions and concludes that a reasonable juror could have convicted Petitioner on the entirety of the record.  Therefore, Petitioner has not satisfied the Schlup gateway standard.  It follows from there that he cannot satisfy the higher standard of proof necessary for an actual innocence claim, to the extent one exists.  Therefore, the Court will deny habeas relief on this claim.

G.   Motions for Reconsideration

Petitioner also moves for reconsideration of two of the Court's Orders.  ECF Nos. 93 & 107.  The Court will deny both motions.

"Motions for reconsideration exist to 'correct manifest errors of law or fact or to present newly discovered evidence.'"  Mid-Am. Salt, LLC v. Morris Cty. Coop. Pricing Council, 964 F.3d 218, 230 (3d Cir. 2020) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)).  A court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  Johnson v. Diamond State Port Corp., 50 F. App'x 554, 560 (3d Cir. 2002) (quoting Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)).

The first motion seeks reconsideration of the Court's March 29, 2023 Order denying Petitioner's motion for a "notice of claim of unconstitutionality."  ECF No. 90.  There, the Court did not permit Petitioner to add a claim challenging the constitutionality of N.J.S.A. 2C:14-1 and 2C:14-2 based on subsequent revisions to the laws.  ECF No. 89 at 14-15.  The Court concluded the claim was raised after the AEDPA statute of

limitations expired and that it did not relate back under
Federal Rule of Civil Procedure 17(c). Id. Petitioner argues
that the Court overlooked the fact that his Amended Petition
included this claim as part of Ground IV wherein he
"incorporate[d] by reference all arguments advanced in plenary,
supplemental, and reply brief[s] on direct appeal." ECF No. 93-
3 at 5.

  The Court did not overlook this argument. It noted in the
opinion that "the claim as raised in the amended habeas petition
is an ineffective assistance of counsel claim." ECF No. 89 at
13. See also ECF No. 112-51 at 126 (incorporating "all points
raised that infer to omissions, errors of trial counsel's
ineffective assistance"). Moreover, it would be impossible for
Petitioner to have raised this claim on direct appeal because
the challenged revision to N.J.S.A. 2C:14-2 was enacted on
January 21, 2020, after Petitioner's direct appeal concluded.
See Sex Offenses Assault And Battery, 2019 NJ Sess. Law Serv.
Ch. 474 (ASSEMBLY 2767). Petitioner has not met the standard
for reconsideration, and the Court will deny this motion.

  Petitioner's second motion for reconsideration challenges
the Court's June 21, 2023 Order denying Petitioner's summary
judgment motion. ECF No. 99. There, the Court denied
Petitioner's argument that Petitioner was entitled to judgment
as a matter of law because the New Jersey Attorney General

"failed to appear."  ECF No. 98.  The Court reserved its decision on Petitioner's other arguments because they concerned the merits of the Amended Petition.  Id. at 5 n.1.  Petitioner now argues that the Court overlooked his other arguments.  ECF No. 107 at 3.

The Court did not overlook Petitioner's arguments about the merits of the Amended Petition; it specifically reserved its decision for its final opinion and order.  The Court has now fully considered the Amended Petition and found that Petitioner is not entitled to relief under § 2254.  Additionally, the Court has repeatedly rejected Petitioner's arguments about the ability of the Camden County Prosecutor's Office to represent the Attorney General of New Jersey as meritless.  The arguments in the summary judgment motion and motion for reconsideration are no different.  Therefore, the Court will deny the motion for reconsideration.

IV.  CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of his state court conviction unless he has "made a substantial showing of the denial of a constitutional right."  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that

jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 327 (2003).

For the reasons expressed above, Petitioner has failed to make a substantial showing that he was denied a constitutional right.  As jurists of reason could not disagree with this Court's resolution of his claims either procedurally or on the merits, the Court shall deny Petitioner a certificate of appealability.

V.   CONCLUSION

For the reasons stated above, the Court will deny the amended habeas petition and Petitioner's two motions for reconsideration.  No certificate of appealability shall issue.

An accompanying Order will be entered.


 November 29, 2023                    s/ Noel L. Hillman
Date                          NOEL L. HILLMAN
At Camden, New Jersey         United States District Judge