IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ABDIEL F. AVILA,<br><br>           Petitioner,<br><br>  v.<br><br>THE ATTORNEY GENERAL OF<br>THE STATE OF NEW JERSEY,<br>et al.,<br><br>           Respondents. | Civil Action<br>No. 18-9422 (NLH)<br><br>**OPINION** |

APPEARANCES:

Abdiel F. Avila
788891C
New Jersey State Prison
PO Box 861
Trenton, NJ 08625

    *Petitioner pro se*

Grace C. MacAulay, Camden County Prosecutor
Jason Magid, Assistant Prosecutor
Office of the County Prosecutor
200 Federal Street
Camden, NJ 08103

    *Attorneys for Respondents*

HILLMAN, District Judge

**I.    INTRODUCTION**

On November 29, 2023, the Court dismissed Petitioner Abdiel F. Avila's amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in part as procedurally defaulted and denied

the amended petition in part.  ECF No. 120.  On February 2, 2024, Petitioner filed a "motion of clerical mistakes, seeking emergency relief."  ECF No. 122.  Respondents did not file opposition to the motion.

For the reasons stated herein, the Court will deny the motion.

**II.   BACKGROUND**

The Court has recited the facts of this case in other opinions in this matter and will not reproduce them here.  See, e.g., ECF No. 89 at 2-6.  Previously, this Court sealed the entire matter at the request of Respondents.  See ECF No. 26.  Subsequently, Petitioner filed a motion to unseal this case.  See ECF No. 37.  In response to Petitioner's motion, this Court noted that sealing the entire case may have been overbroad and ordered Respondents to propose a less restrictive alternative to sealing the entire case, such as specifically noting what documents already in the record should remain sealed.  See ECF No. 44 at 13.

Respondents argued that the § 2254 petition, ECF No. 1; supplemental filing, ECF No. 4; amended petition and exhibits, ECF Nos. 10 & 11; motion to dismiss, ECF No. 23; motion to unseal, ECF No. 37; brief in support of the motion to unseal, ECF No. 41; and Respondents' full answer and exhibits, ECF No. 56 should be sealed.  ECF No. 56.  The Court concluded that the

2

identified documents should remain under seal to protect the identity of the victim but ordered Respondents to file redacted versions of the documents.  ECF No. 88.  The Court ordered the Clerk to lift the seal on the case.  Id.  Respondents subsequently filed redacted versions of the documents.  ECF Nos. 100-06, 111-12.

The Court denied the amended petition in part and dismissed in part as procedurally defaulted on November 29, 2023.  ECF No. 120.  The Court also denied two motions for reconsideration of prior Orders.  Id.  On December 7, 2023, Petitioner submitted a document captioned "breach of duty of judgment creditor to enter satisfaction of judgment and refund all amounts in escrow" asking for entry of judgment in his favor for the summary judgment motions.  ECF No. 121 at 9-10.[1]  On January 25, 2024, Petitioner submitted the instant motion for relief under Federal Rule of Civil Procedures 60(a).  ECF No. 122.

**III. STANDARD OF REVIEW**

"The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."  Fed. R. Civ. P. 60(a).  Rule 60(a) "is limited to the correction of 'clerical

---

[1] No action is required on this document because the Court addressed the motions for reconsideration in its November 29, 2023 Opinion and Order dismissing the amended petition.  ECF Nos. 119-20.

mistakes'; it encompasses only errors 'mechanical in nature, apparent on the record, and not involving an error of substantive judgment.'" Pfizer Inc. v. Uprichard, 422 F.3d 124, 129-30 (3d Cir. 2005) (quoting Mack Trucks, Inc. v. Int'l Union, United Auto, Aerospace & Agr. Implement Workers of Am., UAW, 856 F.2d 579, 594 n.16 (3d Cir. 1988)).

**IV. ANALYSIS**

Petitioner asks the Court to vacate its Opinion and Order and appoint pro bono counsel because the Court cited to the "wrong" document. ECF No. 122. "This Court's Opinion's data and rationale . . . is predicated only on ECF No. 102 the redacted version of ECF No. 10 this clearly is a 'Mistake.'" Id. at 2. He asserts the Court should have cited to ECF No. 103, the redacted version of ECF No. 11. Id. at 2-3. He argues "no federal review was made on the ACTUAL AMENDED PETITION" because of this error. Id. at 3. Petitioner's argument fails for several reasons.

First, the relief Petitioner seeks goes beyond the scope of Rule 60(a). "The relevant test for the applicability of Rule 60(a) is whether the change affects substantive rights of the parties and is therefore beyond the scope of Rule 60(a) or is instead a clerical error, a copying or computational mistake, which is correctable under the Rule." Pfizer, 422 F.3d at 130 (cleaned up). "It is only mindless and mechanistic mistakes,

4

minor shifting of facts, and no new additional legal perambulations which are reachable through Rule 60(a)." Id. (cleaned up).  Petitioner is not asking for a minor correction of the judgment; he seeks to vacate the judgment and reopen the § 2254 proceedings.  ECF No. 122 at 5.  Such relief is only available under Rule 60(b)(1), which allows a party to seek relief from a judgment based on a mistake.  See Kemp v. United States, 596 U.S. 528, 534 (2022) ("[] Rule 60(b)(1) covers all mistakes of law made by a judge . . . .").

Second, Petitioner's motion is untimely under Rule 60(b)(1).[2]  A motion under Rule 60(b)(1) must be made within a reasonable time but no more than a year after the entry of the challenged judgment.  Fed. R. Civ. P. 60(c)(1).  Petitioner submitted his motion 57 days after the judgment's entry.  ECF No. 122 at 5.  The essence of Petitioner's argument is that the Court did not address the merits of his amended petition.  ECF No. 122 at 3.  "The harm alleged here — failure to grapple with caselaw in the amended . . . petition — could have been addressed and remedied on direct appeal." Blitch v. United States, 39 F.4th 827, 834 (7th Cir. 2022).  However, Petitioner was required to file a notice of appeal 30 days after this Court

---

[2] The Court liberally construes the motion as being brought pursuant to Rule 60(b)(1) in light of Petitioner's pro se status.

5

dismissed his amended habeas petition, i.e., by December 29, 2023. Fed. R. App. P. 4(a)(1)(A). He did not file a notice of appeal.

This motion was filed about a month after the time for Petitioner to file a timely notice of appeal expired. "[A] Rule 60(b) motion filed after the time to appeal has run that seeks to remedy errors that are correctable on appeal will typically not be filed within a reasonable time." Mendez v. Republic Bank, 725 F.3d 651, 660 (7th Cir. 2013). See Kemp, 596 U.S. at 538 ("[W]hile we have no cause to define the 'reasonable time' standard here, we note that Courts of Appeals have used it to forestall abusive litigation by denying Rule 60(b)(1) motions alleging errors that should have been raised sooner (e.g., in a timely appeal)."); Harrison, 2023 WL 7017695, at *2 (citing Blitch and Mendez). The Court concludes that Petitioner did not file his motion within a reasonable amount of time because he filed it after his time to file a timely appeal expired. Here, as in a similar matter, even though Petitioner filed the motion within one year, "the motion still needed to be filed within a reasonable time. It was not." Harrison v. Harrison, No. 22-3361, 2023 WL 7017695, at *2 (3d Cir. Oct. 25, 2023) (per curiam).

Third, Petitioner would not be entitled to relief even if the motion were timely. The grounds raised in ECF No. 102 and

6

ECF No. 103 are substantively identical with only minor differences in format and spelling.  Compare ECF No. 102 at 51-97, with ECF No. 103 at 51-100.  Petitioner does not identify any claims, arguments, or evidence that the Court failed to address by referring to No. 102 instead of No. 103.  Nor does he allege any specific errors the Court made that affected the final decision.  The Court carefully reviewed the entire record, including Petitioner's numerous "supplementary" filings, in reaching its decision.  This is true even if the documents are not specifically cited, but the Order notably references ECF No. 102 and ECF No. 103 in dismissing and denying the amended petition.  ECF No. 120.  Therefore, the Court will deny the motion.

**V.   CONCLUSION**

For the reasons stated above, the Court will deny Petitioner's motion.

An accompanying Order will be entered.

| | |
|---|---|
| February 26, 2024 | s/ Noel L. Hillman |
| Date | NOEL L. HILLMAN |
| At Camden, New Jersey | United States District Judge |

7